J. D. STILLEY v. H. McCOX.

*Judge's Charge.*

There is no law which prohibits a judge, in his charge to the jury, from pronouncing a dissertation upon such moral questions as are suggested by the incidents of the trial, provided the language used is without prejudice to either party.

CIVIL ACTION for claim and delivery, tried at Spring Term, 1881, of BEAUFORT Superior Court, before *McKoy, J.*

The plaintiff alleged title to a certain horse, which was in possession of and detained by the defendant. The exception taken by the plaintiff on the trial is to the charge of the judge, which is set out in the opinion of this court. There was a verdict for the defendant, and the plaintiff appealed from the judgment rendered thereon.

*Mr. George H. Brown, Jr.,* for plaintiff.
No counsel for defendant.

ASHE, J. On the trial the question arose whether the contract of the exchange of horses was absolute or conditional, and there was a great deal of conflicting testimony—the plaintiff and some four or five witnesses swearing that the contract was conditional, and the defendant and as many witnesses swearing that the contract was absolute.

In reference to this conflict of testimony, His Honor in charg-

ing the jury used the following language, which is the only ground of exception taken by the plaintiff:

"The question of dollars and cents is of very small moment in this cause, but the greater and momentous question is the character of the men who testify. This case involves more in its consequences than the value of fifty horses. A good character, which a man has established, is the most precious heritage he could leave his children."

We know of no law which prohibits a judge in his charge to the jury from pronouncing a dissertation upon such moral questions as may be suggested by the incidents of a trial, provided it be innocent and work no prejudice to either of the parties.

The remarks of His Honor in this case were certainly not obnoxious to the charge of partiality. They applied equally to both parties, and there was not a word which could have influenced the jury on the one side or the other. The language used by him was no violation of the act of 1796, and there is therefore no error.

No error.                                   Affirmed.